# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| NICOLAS VANELLA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This action, under 18 U.S.C. § 925A(2), seeks an order that a firearm transfer to Plaintiff be approved by Defendant and a declaration that Plaintiff is not federally prohibited from possessing firearms.

### II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1346(a)(2), and 28 U.S.C. § 1361.

3. Venue is proper under 28 U.S.C. § 1402(a)(1) because the United States is a Defendant and the Plaintiff resides in this District and in this Division.

### III. PARTIES

4. Plaintiff is a citizen and resident of Carroll County, Georgia and a citizen of the United States.

5. Defendant is the United States of America.

### IV. FACTUAL BACKGROUND

6. On or about January 11, 2024, Plaintiff attempted to purchase two rifles from Governor's Gun Club in Powder Springs,, Georgia.

7. As a federal firearms licensee ("FFL"), Governor's Gun Club was required under 18 U.S.C. § 922(t) to run a background check on Plaintiff using the National Instant Criminal Background Check System ("NICS"), which is operated by the Federal Bureau of Investigation ("FBI") (an agency of Defendant), before transferring the firearms to Plaintiff.

8. The FBI denied the transfers.

9. Plaintiff asked the FBI for the reason for the denial.

10. On January 15, 2024, the FBI wrote Plaintiff a letter that purported to inform Plaintiff of the reason(s) for the denial.

11. The reason stated for the denial was that Plaintiff is prohibited under 18 U.S.C. § 922(g)(4) from possessing firearms because he has "been

adjudicated as a mental defective" or "has been committed to a mental institution."

12. The letter did not state the date or place of the alleged adjudication or commitment.

13. The letter also did not specify whether Plaintiff has been adjudicated as a mental defective or committed to a mental institution.

14. Plaintiff has never been adjudicated as a mental defective or committed to a mental institution, as those terms are defined by 18 U.S.C. § 921.

15. Plaintiff would like to possess firearms but is in fear of arrest and prosecution for doing so because Defendant has asserted that it would be a federal crime for Plaintiff to do so.

**Prayer for Relief**

Plaintiff demands the following relief:

16. An order pursuant to 18 U.S.C. § 925A requiring Defendant to approve the transfers described above.

17. A declaration that Plaintiff is not federally prohibited from possessing firearms.

18. Costs of bringing and maintaining this action, including reasonable attorney's fees.

19. Any other relief the Court deems proper.

                        JOHN R. MONROE,

                        /s/ John R. Monroe
                        John R. Monroe
                        John Monroe Law, P.C.
                        156 Robert Jones Road
                        Dawsonville, GA  30534
                        Telephone: (678) 362-7650
                        Facsimile: (678) 744-3464
                        jrm@johnmonroelaw.com

                        ATTORNEYS FOR PLAINTIFF